### A96A1404. OWENS et al. v. HEWELL et al.
(474 SE2d 740)

BLACKBURN, Judge.

Mary and Clarence Owens appeal the trial court's order granting summary judgment to Terry Hewell and the City of Loganville based upon the expiration of the statute of limitation and the inapplicability of OCGA § 9-2-61 to state cases originally filed in federal court. The issues presented are: Do the renewal provisions of OCGA § 9-2-61 apply to state actions which were originally filed in federal court, and if so, from what date does the renewal period run for such cases.[1]

On October 29, 1991, Mary Owens was involved in a motor vehicle collision with Hewell, a Loganville police officer. Following the collision, Owens and her husband filed a lawsuit against Hewell and the City of Loganville in the United States District Court for the Northern District of Georgia. Owens asserted both civil rights claims and pendent state law tort claims pursuant to 28 USCA § 1367 (a). Her husband sought relief for loss of consortium. The United States District Court dismissed the Owenses' federal claims for failure to state a claim upon which relief could be granted. Consequently, the Owenses' state law tort claims were also dismissed for lack of subject matter jurisdiction.

The Owenses appealed to the Eleventh Circuit Court of Appeals, which on January 7, 1994, affirmed the District Court's dismissal. The Owenses, without seeking a stay, then petitioned the United States Supreme Court for certiorari, which was denied on October 3, 1994. On November 2, 1994, the Owenses refiled their tort claims in Walton County Superior Court under the renewal provisions of OCGA § 9-2-61. The Superior Court granted summary judgment in

---

[1] As amended in 1985, OCGA § 9-2-61 provides in pertinent part: "(a) When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or, if permitted by the federal rules of civil procedure, in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, . . . provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once. . . . (c) The provisions of subsection (a) of this Code section granting a privilege of renewal shall apply if an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction in either a court of this state or a federal court in this state."

favor of Hewell and the City of Loganville, finding that OCGA § 9-2-61 was not applicable in this case because the action was originally filed in federal court and that, consequently, the Owenses' claims were barred by the statute of limitation. This appeal ensued.

Since its amendment in 1985, OCGA § 9-2-61 permits a plaintiff whose timely filed federal action is dismissed without prejudice to renew that claim in a state court, within the original statute of limitation period or within six months after the dismissal, whichever is later. See *O'Neal v. DeKalb County*, 667 FSupp. 853 (N.D. Ga. 1987), aff'd 850 F2d 653 (11th Cir. 1988). OCGA § 9-2-61 applies to involuntary, as well as voluntary dismissals, where the merits of the case are not adjudicated. *Swartzel v. Garner*, 193 Ga. App. 267, 268 (387 SE2d 359) (1989).

OCGA § 9-2-61 requires plaintiffs to refile their claims within six months of their having been dismissed in federal court. The Owenses assert that their action was timely under OCGA § 9-2-61 because they refiled it within six months of the United States Supreme Court's denial of their petition for certiorari. Hewell and the City of Loganville contend that the Owenses' action is barred because the renewal period runs from the date of the Eleventh Circuit's decision affirming the District Court's dismissal. The first impression question to be resolved is from which date does the six-month renewal period under OCGA § 9-2-61 run, the date of the Eleventh Circuit Court of Appeals' decision, or the date of the U. S. Supreme Court's denial of the subsequent petition for certiorari?

Pursuant to 28 USCA § 1291, the Owenses had the statutory right to appeal to the United States Court of Appeals. However, the Owenses did not have a statutory right to appeal to the United States Supreme Court. See 28 USCA § 1254 (1); see also *Potts v. Flax*, 313 F2d 284, 290, n. 6 (5th Cir. 1963) ("grant of certiorari is a discretionary review and not one which the Supreme Court must hear as a matter of right"). The Eighth Circuit Court of Appeals addressed this issue in *Glick v. Ballentine Produce*, 397 F2d 590 (8th Cir. 1968).

In *Glick*, plaintiffs' original action was dismissed for failure to state a claim. Id. at 591. The dismissal was affirmed by the Eighth Circuit Court of Appeals, and plaintiffs sought a writ of certiorari from the United States Supreme Court which was denied. Id. The plaintiffs refiled their action less than one year after their writ was denied but more than one year after their dismissal was affirmed by the Eighth Circuit.

The renewed action was dismissed by the trial court for failure to comply with the one-year limitation of the renewal statute therein involved. The Eighth Circuit Court of Appeals affirmed because the plaintiffs never sought a stay while petitioning for certiorari and rejected the plaintiffs' argument that their action did not reach its

final disposition until the United States Supreme Court denied certiorari. "We find no support for the contention that the filing of a petition for a writ of certiorari prevents the judgment of [the Eighth Circuit Court of Appeals] from becoming final until the [United States] Supreme Court acts upon the petition, where no stay of mandate has been filed under 28 USCA § 2101 (f).[2] . . . While it is true that the actual granting of a writ of certiorari does operate as a stay [cit.] the mere petition for certiorari does not have such an effect." Id. at 594.

While this Court is not bound to follow *Glick*, supra, its logic is persuasive. The Owenses' unsuccessful pursuit of a discretionary appeal to the United States Supreme Court did not extend their right to renew their action under OCGA § 9-2-61, absent a stay, and the six-month renewal period thus ran from the date of the Eleventh Circuit Court of Appeals' affirmance of the trial court's dismissal of their action.

The trial court based its summary judgment on the erroneous determination that OCGA § 9-2-61 does not apply to claims originally filed in federal courts. This was the law prior to its amendment in 1985. For the reasons outlined above, however, the renewal period had expired prior to the bringing of the subject action and is thus barred by the statute of limitation. Appellee was therefore entitled to summary judgment and "a grant of summary judgment must be affirmed if it is right for any reason." *Hanna v. McWilliams*, 213 Ga. App. 648, 651 (446 SE2d 741) (1994).

Therefore, the trial court did not err in finding that appellants' claims are barred by the statute of limitation.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 20, 1996.

*McKinney & Salo, Jan McKinney,* for appellants.
*Barnhart, O'Quinn & Williams, Michael A. O'Quinn, Margaret E. Sanders,* for appellees.

---

[2] 28 USCA § 2101 (f) provides in pertinent part: "In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court."