## A01A2417. LIGON v. BARTIS.
(561 SE2d 831)

JOHNSON, Presiding Judge.

This is the second appearance of this case before this Court.[1] Louis Ligon filed a personal injury action against Larry Bartis after Bartis' car rear-ended Ligon's car. Ligon believed that his attorney settled the case without his consent and refused to cooperate after the settlement agreement was reached. Bartis moved to enforce the settlement. The trial court granted Bartis' motion, but eventually vacated that order. Instead, the trial court entered judgment in favor of Ligon in the amount of $23,750, as set out in the settlement agreement. Ligon appealed, raising due process and constitutional challenges to the judgment. This Court rejected Ligon's arguments because Ligon's attorney had apparent authority to settle the case, and because the constitutional arguments had not been preserved for review.[2]

After this Court affirmed the judgment in the case, Bartis paid the judgment amount into the court registry. Ligon refused to accept the payment. On Bartis' motion, the trial court then entered a final order authorizing satisfaction of judgment, so that court records would not show that Bartis had an unsatisfied judgment against him. Ligon filed this appeal from the final order, asking that we vacate the order, reverse the prior judgment, and require a jury trial.

1. Ligon raises 17 enumerations of error, nearly all of which relate to his claims as to how his federal and state constitutional rights were violated when the settlement was signed and reduced to a consent judgment. He argues that the laws allowing settlements entered into by attorneys with apparent authority violate citizens' rights and that the laws need to be changed. He argues that his due process, property, jury trial, and equal protection rights were violated. He does not mention the prior appeal, in which he raised the same issues.

---

[1] *Ligon v. Bartis*, 243 Ga. App. 328 (530 SE2d 773) (2000).
[2] Id. at 329-330.

Although the "law of the case rule" has been statutorily abolished, a ruling by the Court of Appeals in a case is binding upon all subsequent actions in the same case, unless the evidence originally submitted was insufficient and the deficient evidence is later supplied.[3] There has been no change in the evidentiary posture of this case. Accordingly, our earlier ruling is binding, and Ligon is prohibited from relitigating his claims.[4]

2. Bartis asks that we assess frivolous appeal penalties against Ligon for filing this appeal. Even though nearly all of the issues raised here were decided in an earlier appeal, this appeal is from a subsequent order of the trial court. We decline to impose sanctions under the circumstances. However, we inform Ligon that the issues raised here and in the earlier appeal have now been reviewed, and any attempts to appeal to this Court for further review may result in the imposition of sanctions.[5]

3. Ligon contends that the trial court entered the final order without regard to the fact that he had filed in the trial court a motion to stay proceedings based on his having filed a petition for writ of certiorari in the United States Supreme Court. He implies that the trial court erred, but does not support the enumeration with any argument or citation to authority or recitation of facts. This is not the type of meaningful argument contemplated by Court of Appeals Rule 27 (c) (2).[6] We are authorized to disregard or treat as abandoned the issue for failure to comply with this Court's rules of practice.[7] We point out, however, that while the actual *granting* of a writ of certiorari by the United States Supreme Court operates as a stay, the mere *filing* of a petition for certiorari does not.[8] Ligon presents no grounds for reversal.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 19, 2002 —
RECONSIDERATION DENIED MARCH 8, 2002 —

Louis L. Ligon III, *pro se.*

---

[3] *Nolan Road West v. PNC Realty Holding Corp. &c.*, 248 Ga. App. 248, 249 (1) (544 SE2d 750) (2001); *Day v. State*, 242 Ga. App. 899, 900 (1) (531 SE2d 781) (2000).

[4] See *South Ga. Med. Center v. Washington*, 269 Ga. App. 366, 367 (1) (497 SE2d 793) (1998).

[5] See OCGA § 5-6-6; Court of Appeals Rule 15 (b).

[6] See *Jenkins v. State*, 240 Ga. App. 102, 103 (1) (522 SE2d 678) (1999).

[7] See *Collins v. Newman*, 237 Ga. App. 861-862 (1) (517 SE2d 100) (1999).

[8] *Owens v. Hewell*, 222 Ga. App. 563, 565 (474 SE2d 740) (1996).

*Downey & Cleveland, George L. Welborn, William I. Aynes, James N. Farris*, for appellee.