JERRY E. SMITH, Circuit Judge,
dissenting:
I enthusiastically join the superb dissenting opinions penned respectively by Chief Judge Jones and Judges Clement and Owen. I dissent separately, not to discuss the merits of this case but to highlight the embarrassing procedural tangle caused by the various actions of the Supreme Court and this court in Penny-related cases.
In its Penny cases, this court has been inconsistent in deciding whether to (1) finalize a case and issue the mandate, (2) grant en banc rehearing, or (3) hold a case indefinitely. Presumably the instant case (Nelson) was taken en banc to reconcile this circuit’s Penny jurisprudence — that is, to harmonize our numerous Penny-related cases with each other and with the opaque pronouncements of the Supreme Court.[1] But if that were true, one would think the court would want to hold up on finalizing any Penny decisions until the en banc court has spoken. Instead, we have had a potpourri of actions on our various Penny cases. Any well-intentioned plan to step back and comprehensively review our Penny jurisprudence has crashed and burned.
An examination of the time line in this court’s Penny cases only adds to the confusion. The panel decision in Nelson was issued on August 12, 2003.[2] The Supreme Court issued Tennard v. Dretke, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004), on June 24, 2004. Four days later the Court granted certiorari, vacated, and remanded Nelson “for further consideration in light of Tennard .... ”[3]
On remand in Nelson, this court issued its panel opinion on March 1, 2006, stating that “[t]his death penalty case is reconsidered pursuant to the Supreme Court’s instruction following its summary grant of certiorari and the vacating of our prior opinion based on Tennard ... .”[4] No petition for rehearing or for rehearing en banc was ever filed in Nelson. Nonetheless, on March 13, 2006, this court, “on the *349 Court’s own motion,” voted to rehear Nelson en bane.[5]
In Tennard, which is the most prominent recent Fifth Circuit Penry case, however, no judge held the mandate to await an en banc decision in Nelson. Tennard is the most significant of our current Penry cases because the Supreme Court vacated the panel opinion and, in an opinion by Justice O’Connor, rebuked this court for its approach to Penry questions.[6] On remand in Tennard, a Fifth Circuit panel issued its opinion on March 1, 2006, which is coincidentally the same day the panel opinion in Nelson, remanded in light of Tennard, also issued.[7] Yet, no judge held the mandate in Tennard, and no effort was made either to reconsider Tennard en banc or to put that case on hold pending en banc review in Nelson. One can only guess that a significant fact for some judges was that the habeas petitioner had prevailed on remand in Tennard', moreover, the losing party (the state) did not petition for rehearing.
Other Penry cases of note were active at this time. On November 15, 2004, the Supreme Court had vacated and remanded Cole v. Dretke, 99 Fed.Appx. 523 (5th Cir. May 19, 2004) (per curiam), for reconsideration in light of Tennard.[8] The panel issued its opinion on remand in Cole v. Dretke, 418 F.3d 494 (5th Cir. July 22, 2005), and affirmed the judgment denying habeas relief. In Cole v. Dretke, 443 F.3d 441 (5th Cir. Mar.17, 2006) (per curiam), however, and unlike in Nelson, this court, after a poll, denied rehearing en banc over a strong dissent that included the following statement: “The responsible, efficient and just course ... would have been ... for us to resolve promptly en banc the important issues raised by the Cole panel decision and allow time for possible correction by the Supreme Court before permitting our numerous other death penalty panels to generate more decisions without either en banc or renewed Supreme Court guidance.”[9] This was four days after the court had granted en banc review in Nelson.
Also pending is Coble v. Dretke, 444 F.3d 345 (5th Cir.2006), in which the panel, vacating the opinion it had issued in Coble v. Dretke, 417 F.3d 508 (5th Cir.2005), took specific account of the Supreme Court’s decisions in Tennard and Smith v. Texas, 543 U.S. 37, 125 S.Ct. 400, 160 L.Ed.2d 303 (Nov. 15, 2004) (per curiam), in affirming the dismissal of the habeas petition.[10] A judge placed a hold on the mandate in Coble from August 8, 2005, through March 22, 2006, and again from July 17, 2006, to the present. A petition for rehearing en banc is pending in Coble, but there has been no en banc poll.
Somewhat similarly situated to Coble is the Breiver case, in which the panel issued its initial opinion on May 31, 2005.[11] On June 21, 2005, a judge placed a hold on the mandate and has not released it in the intervening eighteen months. On March I, 2006 — the same day the panel opinion issued in Nelson — the panel, in Brewer v. *350 Dretke, 442 F.3d 273 (5th Cir.2006) (per curiam), denied the petition for panel rehearing (taking no action on the petition for rehearing en banc), withdrew its opinion, and issued a new one. A petition for rehearing en banc remains pending in Brewer.
And then there is, finally, Garcia v. Quarterman, 456 F.3d 463 (5th Cir. July 13, 2006). There the panel grappled with Tennard and with this court’s relevant caselaw, including Brewer and Bigby v. Dretke, 402 F.3d 551 (5th Cir. Mar.8, 2005), cert. denied, — U.S. -, 126 S.Ct. 239, 163 L.Ed.2d 221 (2005). A judge held the mandate in Garcia on July 21, 2006, and a petition for rehearing en banc remains pending.
The Supreme Court’s responses to the foregoing have been somewhat perplexing after the issuance of its latest (2004) opinion in Tennard. The most surprising development is that on October 13, 2006, the Court granted a petition for writ of certio-rari in Brewer.[12] This is peculiar, because in Brewer the Fifth Circuit has not yet acted on the petition for rehearing en banc and has not issued the mandate. Possibly the High Court relied on the inaccurate statement in Brewer’s certiorari petition that his “petition for rehearing en banc was eventually denied.”[13] In fact, our order withdrawing the first opinion specifically stated that “[t]he petition for panel rehearing is DENIED.”[14] Brewer remains pending in this court, awaiting, at least in part, the issuance of the en banc decision in Nelson.
There is no jurisdictional bar to Supreme Court review of non-final cases from the courts of appeals, but it is unusual.[15] Perhaps the Court, in granting review in Brewer despite its non-finality in this court, was influenced by Brewer’s insistence that the “court’s intervention is once again necessary to resolve once and for all the enduring confusion in the courts below regarding the scope of Penry.’[16] Yet, the postures of Brewer, Coble, and Garcia are the same in this court: In all three, panel opinions denying habeas relief have been issued, petitions for rehearing en banc have been filed, and the mandates have been stayed. The only difference is that in Brewer the petitioner, based on a mistaken view of the procedural status of the case in the court of appeals, filed a certiorari petition and has been rewarded (for whatever reason) with the Supreme Court’s grant of review.
The Supreme Court has scheduled a trifecta of Penry cases for argument on January 17, 2007. The same day it granted certiorari in Brewer, it also did so in Cole, with Cole and Brewer consolidated for argument.[17] One week before granting cer-tiorari in Brewer and Cole, the Court granted review in a Penry case from the Texas state courts.[18] The Court’s willingness to address Penry questions once again is welcome. Perhaps the High Court will issue a tongue-lashing like the *351 one Justice O’Connor penned in Tennard.[19] If so, it will be despite this court’s honest attempts to apply the Court’s sundry pronouncements.
As Chief Judge Jones wisely states in her dissent in Nelson, “[t]his court cannot ‘underrule’ the Supreme Court. Our duty is to harmonize its decisions as well as possible. We are always bound by the force of stare decisis.” So maybe, on the other hand, the current Court will determine that the various panels of this court, in the cases discussed above, have correctly applied the Court’s precedents, as my dissenting colleagues show in their able opinions.
In this regard, it is unfortunate that the en banc majority in Nelson has insisted on issuing its majority opinion at this time, in the wake of the grants of ceHiorari that I have noted. Instead, this court should have denied en banc rehearing in all the recent Penry cases {Nelson, Brewer, Cole, Coble, and Garcia), so as to give the Supreme Court the option of picking various ones of them for review. By our piecemeal and inconsistent approach, we have the incongruous situation of some cases held and others not, and of some with ceHiorari petitions and some not, and lastly of a case {Nelson) in which this court granted en banc review without even the benefit of a petition for rehearing, and now has insisted on issuing an en banc majority opinion in Nelson without the predictable guidance that will come from the Supreme Court’s review in the cases to be argued on January 17. The en banc majority’s rush to judgment is, in that sense, truly regrettable, and I respectfully dissent.

.In its most recent explication of its habeas corpus jurisprudence, the Court has reminded us that in interpreting "clearly established Federal law” under 28 U.S.C. § 2254(d)(1), we look only to the Court's holdings and not its dicta. Carey v. Musladin, No. 05-785, 2006 U.S. LEXIS 9587, at *8-*9, — U.S. -, 127 S.Ct. 649, 657, 166 L.Ed.2d 482 (U.S. Dec. 11, 2006) (reversing a finding by the Ninth Circuit that the state court had unreasonably applied clearly established Federal law).

. See Nelson v. Cockrell, 77 Fed.Appx. 209 (5th Cir.2003).

. Nelson v. Dretke, 542 U.S. 934, 124 S.Ct. 2905, 159 L.Ed.2d 808 (June 28, 2004).

. Nelson v. Dretke, 442 F.3d 282, 283 (5th Cir.2006).

. Nelson v. Dretke, 442 F.3d 912, 912 (5th Cir. Mar. 13, 2006) (per curiam).

. See Tennard, 542 U.S. at 282-89, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (O’Connor, J.).

. See Tennard v. Dretke, 442 F.3d 240 (5th Cir. Mar.l, 2006).

. See Abdul-Kabir v. Dretke, 543 U.S. 985, 125 S.Ct. 496, 160 L.Ed.2d 368 (2004).

. Cole, 443 F.3d at 443 (Dennis, J., dissenting from denial of rehearing en banc).

. Coble, 444 F.3d at 358 n. 11.

. See Brewer v. Dretke, 410 F.3d 773 (5th Cir. May 31, 2005).

. See Brewer v. Quarterman, — U.S. —, 127 S.Ct. 433, 166 L.Ed.2d 307 (2006).

. Petition for Writ of Certiorari in No. 05-11287, Brewer v. Quarterman, at 2.

. Brewer, 442 F.3d at 275 (emphasis added).

. Robert L. Stern et al., Supreme Court Practice 75-78 (8th ed.2002) (citing 28 U.S.C. § 1254(1)).

. Petition for Writ of Certiorari, supra, at 13.

. See Abdul-Kabir v. Quarterman, - U.S. -, 127 S.Ct. 432, 166 L.Ed.2d 307 (2006).

. See Ex parte Smith, 185 S.W.3d 455 (Tex.Crim.App. Mar.1, 2006), cert. granted, - U.S. -, 127 S.Ct. 377, 166 L.Ed.2d 265 (2006).

. "Despite paying lipservice to the principles guiding issuance of a COA, ... the Fifth Circuit ... invoked its own restrictive gloss on Penry I ....” Tennard, 542 U.S. at 283, 124 S.Ct. 2562. "The Fifth Circuit's test has no foundation in the decisions of this Court.” Id. at 284, 124 S.Ct. 2562. "The Fifth Circuit was likewise wrong to have refused to consider the debatability of the Penry question Id. at 287, 124 S.Ct. 2562. "[T]he Fifth Circuit's screening test has no basis in our precedents .... ” Id. It is interesting to note Justice O'Connor’s repeated reference to this court not as "the Court of Appeals,” but as "the Fifth Circuit,” apparently to emphasize her obvious pique.