United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 04-70034
_____

BRENT RAY BREWER,

Petitioner-Appellee,

versus

NATHANIEL QUARTERMAN, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

ON PETITION FOR REHEARING EN BANC
(Opinion 3/1/06, 442 F.3d 273)

Before JOLLY, SMITH, and GARZA, Circuit Judges.

PER CURIAM:[*]

A member of the court in active service having requested a poll on the reconsideration of this cause en banc, and a majority of the judges in active service and not disqualified not having voted in favor (FED. R. APP. P. 35 and 5TH CIR. R. 35), the Petition for Rehearing En Banc filed by appellee Brent Ray Brewer is DENIED.

This order is entered, and the court voted to deny rehearing en banc, solely to resolve any potential question of the judgment's finality in this court and to clarify the Supreme Court's jurisdiction over the case. Further, this court's vote should not be taken as conflicting with or modifying the majority decision in the recent en banc case, Nelson v. Quarterman, No. 02-11096, 2006 WL 3592953 (5th Cir. Dec. 11, 2006).

The mandate shall issue forthwith.

ENTERED FOR THE COURT:

_____/s/  Jerry E. Smith_____
Jerry E. Smith

_____

[*] Judges King, Jolly, Davis, Barksdale, Benavides, Stewart, Dennis, and Clement did not vote.

United States Circuit Judge

DENNIS, Circuit Judge, dissenting from the attempt to exercise jurisdiction:

This case is in an unusual posture, as the Supreme Court granted the petition for certiorari while a petition for rehearing en banc was pending in this court. It is beyond dispute that the Supreme Court had the power and the jurisdiction to grant the writ, irrespective of the posture of the case in this court. Nevertheless, some judges on this court have taken the view that the Court may have granted certiorari under the mistaken impression that the petition for rehearing en banc had been denied by this court. Those judges believe that, unless this court or a minority of its judges now acts on the petition for rehearing, the Supreme Court might dismiss the writ as improvidently granted and decline to decide this case on the merits. In its haste to attempt to ensure that the Supreme Court keeps the case and reaches the merits, however, the minority of this court's judges attempting to exercise jurisdiction herein have ignored well-established limits on this court's jurisdiction and, in the process, trespassed upon the jurisdiction of the Supreme Court. Because the Supreme Court granted certiorari in this case before this court ruled on the pending petition for rehearing en banc, finalized its judgment, or issued a mandate, the minority of active judges of this circuit who have chosen to vote in this poll do not now have jurisdiction to do any of those things. Accordingly, I disagree with their erroneous and futile effort to exercise jurisdiction by purporting to deny rehearing en banc, make the judgment of this court in this case final, and issue a mandate based on such invalid judgment.

When the Supreme Court granted certiorari, because there was a petition for rehearing pending, there was no final judgment by this court in this case. See Hibbs v. Winn, 542 U.S. 88, 97-98 (2004) (explaining that a timely-filed petition for rehearing prevents a court of appeals' judgment from being final under 28 U.S.C. § 2101; "In other words, 'while [a] petition for rehearing is pending,' or while the court is considering, on its own initiative, whether rehearing should be ordered, 'there is no 'judgment' to be reviewed.'") (quoting Missouri v. Jenkins, 495 U.S. 33, 46 (1990)) (alteration in original). Our jurisdiction to perform further judicial acts in this case was, moreover, terminated when the Supreme Court granted certiorari. Also, when the Supreme Court granted certiorari, this court certified the record and transported it to the Supreme Court.

3

Because we have no jurisdiction, no case, and no record upon which to act, the judges casting votes against granting rehearing en banc in this case act without any authority to do so, and any judgment or mandate based on their votes is invalid. They also clearly lack the authority or ability to advise the Supreme Court or influence what the Supreme Court should do in this case before or after its January oral argument. In sum, no matter what we have done or left undone, the Supreme Court has the power and jurisdiction to grant certiorari and render a decision on the merits in this case, and because the Supreme Court granted certiorari and thereby took the case out of our hands before we had completed our consideration of the case, rendered a final judgment, or issued a mandate based upon that final judgment, even a majority of this court no longer has jurisdiction to perform any of those judicial acts in this case. Any attempt by members of this court to take such actions can only be seen as, at best, a misguided and presumptuous attempt to correct a perceived mistake by the Supreme Court or the parties in that court, or, at worst, an improper trespass and attempt to influence the Supreme Court's future actions in this case.

The general common law rule is that "unless otherwise abrogated or modified by statute, a writ of certiorari takes the record out of the custody of the inferior tribunal, leaving nothing there to be prosecuted or enforced by execution, and operates as a stay of execution." 14 AM. JUR. 2D Certiorari 74 (2d ed. 2006). The case law strongly supports this view. In Louisville, N.A. & C. Ry. Co. v. Louisville Trust Co., 78 F. 659, 662 (C.C. Ky. 1897), the court stated the rule emphatically:

> But it is to be remembered that the writ of certiorari is of itself and proprio vigore a supersedeas. Neither the inferior court nor the officer holding the process of such inferior court can rightfully proceed after formal notice of its having been issued. Every act done after such notice is not only irregular, but absolutely void; and the parties doing such acts are trespassers.

Similarly, in Waskey v. Hammer, 179 F. 273 (9th Cir. 1910), the Ninth Circuit summarized the common law authorities on this subject and noted that:

> Very many English as well as American authorities are quoted in Patchin v. Mayo, etc., 13 Wend. (N.Y.) 664. There are very many others, all holding a common-law writ of certiorari, whether issued before or after judgment, to be in effect a supersedeas. There are none to the

4

contrary. In some of them it is ruled that action by the inferior court after the service of the writ is erroneous; in others it is stated to be void and punishable as a contempt. They all, however, assert no more than that the power of the tribunal to which the writ is directed is suspended by it, that the judicial proceedings can proceed no farther in the lower court.

Id. at 274 (quoting Ewing v. Thompson, 1862 WL 4971 (Pa. 1862)); see also Orth v. Steger, 258 F. 625, 626 (D.C.N.Y. 1919) ("Except where the common-law rule has been changed, a certiorari to a subordinate court or tribunal or an officer operates as a stay of proceedings from the time of its service or of formal notice of its issue, unless the judgment or order complained of has begun to be executed.") (internal quotation marks omitted).

Although these authorities are old, I have found nothing to suggest that they do not remain good law, and a number of more recent authorities also support the view that a court lacks jurisdiction to act once certiorari has been granted. See Hermann v. Brownell, 274 F.2d 842, 843 (9th Cir. 1960) ("When a case is appealed from this Court to the Supreme Court, this Court completely loses jurisdiction of the cause. Thereafter, our jurisdiction can be revived only upon the mandate of the Supreme Court itself . . . .")[**]; Ligon v. Bartis, 561 S.E.2d 831, 833 (Ga. App. 2002) ("[W]hile the actual granting of a writ of certiorari by the United States Supreme Court operates as a stay, the mere filing of a petition for certiorari does not."); Owens v. Hewell, 474 S.E.2d 740, 742 (Ga. App. 1996) (noting same); see also United States v. Eisner, 323 F.2d 38, 42 (6th Cir. 1963) (distinguishing Waskey and Orth on the ground that they dealt with situations in which certiorari was issued); State v. Kate C., No. A-01-958, 2002 WL 31002490, at *6 (Neb. App. Aug. 6, 2002) (noting that "[o]ther courts have specifically held that while the actual granting of a writ of certiorari by the U.S. Supreme Court operates as a stay, the mere filing of a petition for writ of certiorari does not operate as a stay") (citing Ligon, 561 S.E.2d at 833);  cf. Fed. R. App. P. 41(d)(2)(B) (providing that, where mandate

---

[**]Although the Hermann court spoke in terms of appeals, that case actually involved a grant of certiorari by the Supreme Court.

5

is stayed during the pendency of a petition for certiorari, "the stay continues until the Supreme Court's final disposition").

The Supreme Court's grant of certiorari has the purely jurisdictional effect of staying the court of appeals' ability to perform further judicial acts in the case. The writ's effect does not necessarily extend, however, to other matters outside this jurisdictional context, such as the accrual of forfeitures or the running of time under a statute of limitations. Accordingly, in McCurry v. Allen, 688 F.2d 581, 586 (8th Cir. 1982), the Eighth Circuit held that the Supreme Court's grant of certiorari did not toll a statute of limitations so as to allow the adding of parties in a civil rights case. Unfortunately, the court based its decision in that case only upon a broad statement taken from a Supreme Court practice manual, which, if not read carefully and within proper context, could be misleading. The practice manual states in passing that the grant of certiorari does not "operate[] as a stay, either with respect to the execution of the judgment below or the issuance of the mandate below to a lower court." ROBERT L. STERN ET AL., SUPREME COURT PRACTICE § 17.10, at 769 (8th ed. 2002). That this statement does not relate to the lower court's power to conduct proceedings in a case that is before the Supreme Court on certiorari is clear from careful attention to its wording, as well as the only direct authority cited, and the context of the statement within the manual. In St. Regis Paper Co. v. United States, 365 U.S. 857 (1961), the only case that the authors directly cite in support of their statement, the Court simply granted a stay of the accrual of forfeitures ordered below while the case was pending in the Supreme Court. Further, the section of the manual in which the statement appears is concerned only with stays of preexisting final judgments pending the Supreme Court's disposition of a case, not with the question of an inferior appellate court's authority to continue to act in the case after the Supreme Court has granted certiorari. In sum, the effect of the Supreme Court's grant of certiorari is primarily that of supplanting the court of appeals' inferior jurisdiction with its own superior jurisdiction and of thereby staying the performance of further judicial acts in the case by the court of appeals. The court of appeals no longer has the authority to act upon the case in light of the Supreme Court's exercise of jurisdiction and complete assumption of the case and its record.

6

Thus, that one court and one practice manual have concluded that the Supreme Court's grant of certiorari does not stay matters other than the court of appeals' judicial acts, such as the running of statutes of limitation and the accrual of forfeitures, should not mislead a court of appeals into thinking it can continue to rehear a case, render judgments and issue mandates after the Supreme Court has granted certiorari, thereby taking the case and the record from the court of appeals' jurisdiction.

For these reasons, I conclude that the Supreme Court's grant of certiorari in this case, which caused the case and its record to be transferred to the Supreme Court, deprives us of any case or record upon which to perform the judicial functions of considering and voting on whether to grant the pending petition for en banc rehearing, deliberating and rendering a final judgment on that petition, or issuing a mandate based on such a final judgment. Consequently, we lack the jurisdiction to take any of the foregoing judicial actions, and any attempt to do so by judges of this court, whether by a majority or a minority, is not only ineffectual but also an improper trespass on the Supreme Court's jurisdiction.