**Affirmed in Part and Reversed and Remanded in Part and Majority and Concurring Opinions filed July 14, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00572-CV

---

## RICHARD ALAN HAASE, Appellant

## V.

## ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & FRIEND, L.L.P. AND RANDALL SORRELS, Appellees

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2011-17970**

---

## M A J O R I T Y   O P I N I O N

The appellant/plaintiff in a professional-negligence action challenges the summary judgment granted in favor of appellees/defendants – a law firm and an individual attorney. The outcome for the law firm turns on whether there is any summary-judgment evidence upon which the trial court could have relied in granting summary judgment. The outcome for the individual attorney turns on the

application of the *Hughes* tolling rule[1] to the attorney's statute-of-limitations defense. We affirm the summary judgment in favor of the law firm and reverse and remand the summary judgment in favor of the individual attorney.

## FACTUAL AND PROCEDURAL BACKGROUND

On the advice of his patent attorney, appellant/plaintiff Richard Alan Haase retained appellees/defendants attorney Randall Sorrels and the law firm Abraham, Watkins, Nichols, Sorrels, Agosto, & Friend, L.L.P. (collectively, the "Abraham Watkins Parties") as the trial team to litigate complaints Haase asserted individually and on behalf of his company, ClearValue, Inc. against Pearl River Polymers, Inc. and four other entities (collectively the "Pearl River Parties") in federal court.

### The Underlying Suit

Haase and his company filed suit in the United States District Court for the Eastern District of Texas in January 2005 (the "Underlying Suit"), alleging that the Pearl River Parties infringed on a patent and misappropriated trade secrets. Specifically, Haase alleged that the Pearl River Parties' product line used high molecular weight poly diallyl di-methyl ammonium chloride and high molecular weight poly epichlorohydrin di-methyl amine polymers described in patents Haase and ClearValue, Inc. held.

Haase asserted that he asked an expert to test one of these compounds for business purposes unrelated to litigation, but after Haase shared the results with the Abraham Watkins Parties, they labeled the results "attorney-client work product." As Haase and the Abraham Watkins Parties prepared for trial, conflicts developed. Haase asked the Abraham Watkins Parties to add a fraud claim and another alleged

---

[1] *See Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991).

tortfeasor to the litigation. Haase also asked the Abraham Watkins Parties to complete discovery that he alleges they failed to conduct. According to Haase, the Abraham Watkins Parties directed him to make low settlement offers and threatened to withdraw from representation if he did not do so.

The Abraham Watkins Parties withdrew from representation of Haase and his company in the Underlying Suit in June 2006, and Haase retained new litigation counsel a few months later. In the Underlying Suit, the Pearl River Parties requested discovery of any testing Haase had done on the Pearl River Parties' compound. During trial, which commenced in March 2007, the Pearl River Parties discovered that Haase had failed to disclose in discovery the results of the tests Haase had performed on the compound. The United States District Court imposed a $2.7 million sanction on Haase and struck Haase's pleadings. In March 2009, the United States Court of Appeals for the Federal Circuit affirmed $121,107 in sanctions, but reversed the remainder of the sanctions and remanded Haase's complaint for trial, concluding that his conduct did not warrant the death-penalty sanction.

A new trial commenced in the Underlying Suit in April 2010. The jury found in favor of Haase on his claims of misappropriation of trade secrets and patent infringement, but in a final judgment in November 2010, the trial court set aside the damages findings for the misappropriation claim. Both sides appealed the trial court's final judgment to the United States Court of Appeals for the Federal Circuit. The appellate court concluded that the Pearl River Parties had not misappropriated a trade secret and that Haase's patent was invalid. Haase then filed a petition for a writ of certiorari in the Supreme Court of the United States. The high court denied it.

### State Court Suit Against the Attorney-Defendants

In March 2011, while Haase's appeal in the Underlying Suit was in the federal appellate court, Haase filed suit against Abraham, Watkins, Nichols, Sorrels, Agosto, & Friend, L.L.P. in state court, alleging professional negligence. Haase asserted that the law firm was responsible for conduct that caused him to be sanctioned in the Underlying Suit. Haase also alleged the law firm was liable for negligence based on its failure (1) to join additional tortfeasors and (2) to pursue a claim for fraud against one of the named Pearl River Parties. Haase included claims for negligent misrepresentation and breach of contract.

Abraham, Watkins, Nichols, Sorrels, Agosto, & Friend L.L.P. sought summary judgment on traditional grounds, and the trial court granted the motion. Haase appealed the summary judgment, and this court affirmed as to the claim based on mislabeling, holding that the claim that the law firm's negligent conduct caused Haase to be sanctioned was barred by the applicable statute of limitations. This court remanded the remaining claims to the trial court.

Following remand, Haase amended his petition and added Sorrels as a defendant. In his live pleading, Haase asserted a breach-of-fiduciary-duty claim against Sorrels based on the attorney's alleged actions in (1) intentionally mislabeling testing results, (2) violating a court discovery order, (3) failing to timely add parties and claims in the Underlying Suit, and (4) attempting to force Haase into taking a low settlement. Haase also asserted that the Abraham Watkins Parties' alleged breaches of fiduciary duty constituted professional negligence.

### Summary-Judgment Motions at Issue in this Appeal

The Abraham Watkins Parties filed two traditional summary-judgment motions. In the first motion, filed in February 2014 ("February Motion"), the

Abraham Watkins Parties asserted the following summary-judgment grounds:

(1) Haase had the opportunity to amend his pleadings to include additional tortfeasors after the Abraham Watkins Parties withdrew from the litigation so the Abraham Watkins Parties' withdrawal did not cause Haase any damages;

(2) Haase had the opportunity to amend his pleadings to include additional claims, including fraud, after the Abraham Watkins Parties withdrew from the litigation, so the Abraham Watkins Parties' withdrawal did not cause any damages;

(3) Haase has no claim for damages because his patent was invalid and no trade secrets were misappropriated.

After filing this motion, Haase amended his petition and filed the live pleading.

The Abraham Watkins Parties filed a second traditional summary-judgment motion in May 2014 ("May Motion"). In that motion, the Abraham Watkins Parties asserted that the statute of limitations barred Haase's claims against Sorrels for damages resulting from sanctions and the Abraham Watkins Parties were entitled to summary judgment on Haase's remaining claims based on breach of fiduciary duty because (1) Haase did not have a trade-secret-misappropriation claim since there was no trade secret and (2) Haase did not have a patent-infringement claim given he held an invalid patent.

The trial court granted both the February Motion and the May Motion. Haase now challenges those rulings on appeal.

## STANDARD OF REVIEW

For a traditional summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of a trial court's summary

5

judgment, we consider all the evidence in the light most favorable to the nonmovant (Haase), crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000).

## ANALYSIS

### Statute-of-Limitations Ground as to Claims against Attorney Stemming from Sanctions

In Haase's second issue, he asserts that the trial court erred in granting summary judgment on the Abraham Watkins Parties' ground that Haase's sanctions-related claims against Sorrels are barred by the statute of limitations. Haase pled the *Hughes* tolling rule in response to the Abraham Watkins Parties' summary-judgment ground that Haase's claims against Sorrels were barred by limitations. The Abraham Watkins Parties asserted as a summary-judgment ground that even under the *Hughes* tolling rule, the statute of limitations expired on Haase's claims stemming from sanctions imposed in the Underlying Suit.

A professional-negligence claim is governed by a two-year statute of limitations. *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 120 (Tex. 2001). The statute of limitations generally begins to run when facts have come into existence that authorize a claimant to seek a judicial remedy. *Id.* But, under the rule established in *Hughes v. Mahaney & Higgins,* "when an attorney commits

6

malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted." 821 S.W.2d 154, 157 (Tex. 1991).

The Abraham Watkins Parties asserted that under the *Hughes* rule, the statute of limitations was tolled until the United States Court of Appeals for the Federal Circuit affirmed in part the sanctions against Haase in the Underlying Suit. Haase argues that the statute of limitations was tolled until the Supreme Court of the United States denied his petition for certiorari in the Underlying Suit. In arguing for summary judgment, the Abraham Watkins Parties asserted that the statute of limitations began running on Haase's claim based on his receipt of sanctions after Haase's final appeal related to sanctions in the Underlying Suit.

We note that Haase attempted to raise the issue of sanctions at least twice after receiving the opinion from the United States Court of Appeals for the Federal Circuit, but the courts refused to address the issue. The Abraham Watkins Parties do not provide any analysis regarding how Haase's attempt to raise the issue affects their arguments under the *Hughes* tolling rule. We need not consider that question, though, because the Supreme Court of Texas held in *Hughes* that the statute of limitations is tolled until "all appeals on the underlying claim are exhausted." *Id.* The high court did not fashion a test in which the statute of limitations is tolled only until part of the litigation relating to a particular legal malpractice claim comes to an end. Under the *Hughes* rule, tolling ceases not at the end of the seventh inning but at the end of the game.

Applying the *Hughes* tolling rule, we conclude that the statute of limitations was tolled until at least December 1, 2014, the date on which the Supreme Court of the United States denied Haase's petition for writ of certiorari. *See Golden v. McNeal*, 78 S.W.3d 488, 494 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)

(holding that, under the *Hughes* tolling rule, the statute of limitations was tolled until the Supreme Court denied the motion for rehearing of the denial of the petition for writ of certiorari). To the extent the trial court based summary judgment on the *Hughes* tolling ground, the trial court erred. *See id.* Therefore, we sustain Haase's second issue.

The statute of limitations was the only summary-judgment ground the Abraham Watkins Parties asserted that addresses Haase's claims against Sorrels based on alleged conduct that purportedly caused Haase to be sanctioned in the Underlying Suit. Because the statute of limitations does not bar these claims and the Abraham Watkins Parties did not assert another summary-judgment ground against these claims, we reverse the trial court's summary judgment with respect to Haase's sanctions-related claims and we remand those claims to the trial court.

## Haase's Counsel in the Underlying Suit

In Haase's first issue, Haase asserts that the Abraham Watkins Parties falsely positioned themselves as not making litigation and trial decisions. But, the Abraham Watkins Parties admit they were Haase's attorneys in the Underlying Suit. Additionally, the Abraham Watkins Parties did not seek summary judgment on the ground that they were not Haase's attorneys. In his first issue, Haase does not challenge the trial court's summary judgment in favor of the Abraham Watkins Parties. Accordingly, we overrule Haase's first issue.

## Objections to Summary-Judgment Evidence

In Haase's fourth issue, he asserts that the Abraham Watkins Parties have no admissible summary-judgment evidence and that all of their exhibits are hearsay. Under this issue, liberally construing Haase's argument, Haase contends that the trial court erred in granting the summary-judgment motions because the Abraham

8

Watkins Parties did not authenticate a single piece of evidence cited in either summary-judgment motion and because all of the summary-judgment evidence is hearsay. After the Abraham Watkins Parties filed the February Motion, Haase filed written objections to the evidence attached to the motion. Haase asserted that the movants failed to authenticate the evidence and that the evidence contained hearsay. The record does not reflect a ruling on any of these objections. After the Abraham Watkins Parties filed the February Motion, Haase amended his petition, adding new claims. The trial court then granted the February Motion.

The Abraham Watkins Parties filed the May Motion, re-urging the grounds in the February Motion and adding a ground asserting that Haase's claims against Sorrels were barred by limitations.[2] Haase did not file objections to the summary-judgment evidence upon which the Abraham Watkins Parties rely in their second traditional summary-judgment motion. Generally, a party forfeits an objection when the party fails to object to summary-judgment evidence or fails to obtain a ruling on any objection to summary-judgment evidence. *See Dolcefino v. Randolph*, 19 S.W.3d 906, 925–26 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Haase objected to the summary-judgment evidence attached to the first summary-judgment motion on hearsay grounds, but did not obtain a ruling on the objections. To the extent Haase argues the trial court erred in granting the summary-judgment motions because the summary-judgment evidence is hearsay, Haase waived the objections by failing to obtain a ruling or a refusal to rule in the trial court. *See id.*

In *In re Estate of Guerrero*, a majority of the en banc court held that a complete absence of authentication is a defect of substance that is not waived when

---

[2] The Abraham Watkins Parties apparently were asserting the same grounds as to any new claims asserted by Haase that the trial court did not address when it granted the February Motion.

9

a party fails to object and that may be urged for the first time on appeal. *In re Estate of Guerrero*, 465 S.W.3d 693, 706–08 (Tex. App.—Houston [14th Dist.] 2015, pet. filed) (en banc). Thus, to the extent that there was a complete absence of authentication, Haase may urge this objection for the first time of appeal. *Id.*

The Abraham Watkins Parties attached six exhibits and four court opinions to the February Motion. The first four exhibits are deposition excerpts. Exhibit five is Randall O. Sorrels's and Lee L. Kaplan's memorandum in support of their motion to withdraw as counsel in the Underlying Suit. Exhibit six is the trial court's order on the motion to withdraw. The first court opinion is a WestlawNext printout of an opinion from the federal court for the Eastern District of Texas and the final three opinions are WestlawNext printouts of opinions from the United States Court of Appeals for the Federal Circuit. All of the court opinions appear to relate to the Underlying Suit. They are not records from the trial court, but records from another case, involving different parties, in another court.

The Texas Rules of Evidence require as a predicate to admissibility that evidence be properly authenticated.[3] *See* Tex. R. Evid. 901. The record does not show that the Abraham Watkins Parties made any attempt to authenticate the evidence upon which they rely in the February Motion. Because there was a complete absence of authentication, Haase may challenge the Abraham Watkins Parties' failure to authenticate the evidence cited in the February Motion. *See In re Estate of Guerrero*, 465 S.W.3d at 706–08. Having concluded Haase was not required to preserve error on his complaint that the Abraham Watkins Parties completely failed to authenticate any evidence supporting the February motion, we

---

[3] The Texas Rules of Evidence also outline exceptions to the authentication requirement. *See* Tex. R. Evid. 902. For reasons explained below, we do not reach the issue of whether the Abraham Watkins Parties were required to authenticate their summary-judgment evidence in this case.

turn to the merits of Haase's issue.

## Evidence Supporting the February Motion

If a movant's traditional summary-judgment motion and summary-judgment evidence fail to facially establish its right to judgment as a matter of law, the burden does not shift to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *See M.D. Anderson Hosp. & Tumor Inst.*, 28 S.W.3d at 23. Although the burden does not shift in this situation, under binding precedent, an appellate court may affirm a traditional summary judgment if, after the submission of evidence by the non-movant, the summary-judgment evidence establishes the movant's right to a traditional summary judgment, even if the movant's evidence, by itself, does not establish the movant's right to a traditional summary judgment. *See Wilson v. Burford*, 904 S.W.2d 628, 628–29 (Tex. 1995) (per curiam); *Rush v. Barrios*, 56 S.W.3d 88, 99 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

In his response to the February Motion, Haase authenticated the opinions and evidence upon which he relied. He attached the opinions to his response, asserting in an affidavit that they were true and correct copies of the originals. Haase authenticated three of the opinions upon which the Abraham Watkins Parties relied in the February Motion. We need not reach the issue of whether the Abraham Watkins Parties were required to authenticate the evidence upon which they relied, because, under binding precedent, even though there was a complete absence of authentication as to the evidence submitted by the Abraham Watkins Parties in support of the February Motion, the evidence submitted by Haase still may be considered on appeal as a potential basis for affirming the trial court's granting of the February Motion. *See Wilson*, 904 S.W.2d 628, 628–29; *Rush*, 56 S.W.3d at 99.

11

Narrowly drawn, Haase's challenge on appeal is directed solely at the Abraham Watkins Parties' failure to authenticate any summary judgment evidence. Haase does not explain the significance of a failure to authenticate any particular piece of evidence. He argues simply that the lack of authentication means that the Abraham Watkins Parties have no admissible summary-judgment evidence and therefore the trial court erred in granting summary judgment. But, Haase does not take into account that support for the summary judgment is not limited to the evidence submitted by the Abraham Watkins Parties. The summary-judgment record includes the evidence Haase attached to his response, and we may rely upon Haase's evidence to affirm the trial court's summary judgment. *See Wilson*, 904 S.W.2d 628, 628–29; *Rush*, 56 S.W.3d at 99. We need not and do not determine whether the trial court properly could consider the evidence the Abraham Watkins Parties presented because the trial court could have considered the evidence Haase attached to his response. *See Wilson*, 904 S.W.2d at 629. Therefore, even if we presume for the sake of argument that none of the evidence submitted by the Abraham Watkins Parties was admissible, Haase's assertion that the Abraham Watkins Parties have no admissible summary-judgment evidence lacks merit. *See Wilson*, 904 S.W.2d 628, 628–29; *Rush*, 56 S.W.3d at 99. We conclude that all of Haase's arguments under the fourth issue as to the February Motion lack merit. *See Wilson*, 904 S.W.2d 628, 628–29; *Rush*, 56 S.W.3d at 99.

**Movants' Attempt to Authenticate Exhibits in the May Motion**

The Abraham Watkins Parties attached to their May Motion the attorney-client agreement between Haase and Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, L.L.P., the trial court's order on Sorrels's and Kaplan's motion to withdraw, a printout of a final judgment in the Underlying Suit, an opinion from the United States Court of Appeals for the Federal Circuit, an order from the

12

United States District Court for the Eastern District of Texas, and Sorrels's affidavit. In his affidavit, Sorrels stated that the power of attorney was a true, authentic, and correct Power of Attorney. Sorrels also stated that the court opinions attached to the summary-judgment motion were true and correct copies of the opinions issued in the case and that the final judgment attached as exhibit three was a true and correct copy. Sorrels's affidavit constitutes an attempt to authenticate the documents attached to the May Motion. *See San Sebastian Realty Co., Inc. v. Huerta*, No. 14-14-00819-CV, 2015 WL 9311805, at *7 (Tex. App.—Houston [14th Dist.] Dec. 22, 2015, pet. denied) (mem. op.) (noting that party's affidavit stating documents were original or exact duplicates was an attempt to authenticate). The Abraham Watkins Parties made an attempt to authenticate the evidence attached to the May Motion through Sorrels's affidavit. Haase waived his authentication objections as to the evidence in support of the May Motion by failing to object in the trial court and thus Haase failed to preserve error. *See Dolcefino*, 19 S.W.3d at 925. Accordingly, Haase is foreclosed from asserting these objections for the first time on appeal. *See id.* All of Haase's arguments under the fourth issue lack merit. Accordingly, we overrule Haase's fourth issue.

### Haase's Claim that he Raised Genuine Issues of Material Fact

In his third issue, Haase asserts that genuine issues of material fact exist with respect to all of his claims. Haase alleges that the Abraham Watkins Parties breached their fiduciary duty by causing him to be sanctioned for discovery violations,[4] failing to add additional tortfeasors to the Underlying Suit, failing to add a fraud claim, failing to conduct discovery, and attempting to force Haase into offering or taking a low settlement. The Abraham Watkins Parties asserted the

---

[4] Because we already have concluded Haase's argument attacking the Abraham Watkins Parties' summary-judgment ground related to Haase's sanctions-based claim against Sorrels is meritorious, we need not address Haase's arguments related to that claim under his third issue.

following summary-judgment grounds:

- The sanctions-related claims against Abraham Watkins were previously dismissed on appeal as having been barred by the statute of limitations.

- The sanctions-related claims against Sorrels are barred by the statute of limitations.

- Haase cannot show that any professional negligence by the Abraham Watkins Parties in failing to add additional tortfeasors caused him damages because Haase had sufficient time to add parties to the Underlying Suit after the Abraham Watkins Parties withdrew from the case.

- Haase cannot show that any professional negligence by the Abraham Watkins Parties in failing to add a fraud claim caused Haase to suffer damages because Haase could have amended the complaint in the Underlying Suit to add a fraud claim or filed a separate lawsuit asserting fraud after the Abraham Watkins Parties withdrew from the case.

- Haase did not suffer any damages from any failures by Abraham Watkins because Haase held a defective patent and was not in possession of any trade secrets.

The trial court granted summary judgment without specifying the grounds upon which it relied. Therefore, on appeal, Haase must show that each independent summary-judgment ground asserted against his claims does not provide a basis for affirming the trial court's summary judgment. *See Ramco Oil & Gas Ltd. v. Anglo-Dutch (Tenge) LLC*, 207 S.W.3d 801, 826 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *Parkway Dental Assocs., P.A.*, 391 S.W.3d at 610. On appeal, Haase has reiterated the details regarding his claims against the Abraham Watkins Parties for failing to add parties to the Underlying Suit, failing to conduct discovery, and attempting to force Haase into offering or taking a low settlement, but Haase has not attacked any of the Abraham Watkins Parties' summary-judgment grounds other than the ground that the sanctions-related claims against

14

Sorrels are barred by the statute of limitations. Except as to these claims against Sorrels, Haase has not challenged all of the summary-judgment grounds upon which the trial court granted traditional summary judgment. Accordingly, we overrule Haase's third issue and affirm the trial court's summary judgment as to these claims. *See Parkway Dental Assocs., P.A.*, 391 S.W.3d at 610.

## Missing Reporter's Record

In Haase's fifth issue, Haase requests that we remand the proceeding to another county because the reporter's record from the hearing on the Abraham Watkins Parties' February Motion is missing. Under this issue, Haase first argues that he is entitled a new trial under Texas Rule of Appellate Procedure 34.6. He also argues that various communication and record issues throughout trial did not occur "by chance." According to appellant, communication and record issues occurred because "there exists an obvious prejudice" against him because the Abraham Watkins Parties are well known within legal circles in Houston.

Texas Rule of Appellate Procedure 34.6(f) states that a party is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or--if the proceedings were electronically recorded-- a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately

15

duplicate with reasonable certainty the original exhibit. Tex. R. App. P. 34.6(f). Haase filed a letter requesting a reporter's record from the hearing on the February Motion. The court reporter stated that there is no record from the hearing. Haase asserts that his attorney requested that the hearing be conducted "on the record," but Haase states that his attorney declined to file an affidavit to that effect due to "judicial and bar politics."

The court reporter indicated that there is no record of the hearing on the February Motion. Haase has not provided any evidence that the court reporter made a record of the hearing and afterward the record was lost or destroyed. Even if Haase requested that the court reporter make a record, the making of a record request does not mean a record was taken.

To the extent Haase complains that trial court erred in failing to require the court reporter to make a record, Haase is required to preserve error on that complaint. *See* Tex. R. App. P. 33.1(a); *Brazie v. Meadows on the Mews Owners Ass'n*, No. 14-10-01016-CV, 2011 WL 6141587, at *2 (Tex. App.—Houston [14th Dist.] Dec. 8, 2011, no pet.) (mem. op.). To do so, a party must object to the court reporter's failure to record the proceedings. *See* Tex. R. App. P. 33.1(a); *Brazie*, 2011 WL 6141587, at *2. There is no indication in our record that Haase objected to the court reporter's failure to make a record of the proceedings. *See Strachan v. FIA Card Services*, No. 14-09-01004-CV, 2011 WL 794958, at *4 (Tex. App.—Houston [14th Dist.] Mar. 8, 2011, pet. denied) (mem. op.) (noting that appellate record on file must reflect that a complaint was made by timely request, objection, or motion).

The court reporter indicated there is no record of the hearing on the February Motion, but there is no evidence the record was lost or destroyed. Haase has not shown that he is entitled to a new trial under Texas Rule of Appellate Procedure

16

34.6. Even if appellant had objected to the court reporter's failure to take a record at the hearing, or the record indicated that a record had been taken and was lost or destroyed, the record is not necessary to the appeal's resolution because we have concluded Haase is able to challenge the complete lack of authentication of the February Motion evidence for the first time on appeal. *See* Tex. R. App. P. 34.6(f).

Haase also argues that we should remand the case to an alternate county because the trial court allegedly was biased in favor of the Abraham Watkins Parties. Haase asserts that this alleged bias interfered with his right to a fair trial. Haase did not complain about prejudice in the trial court or file a motion to recuse the trial judge. Nor did Haase file a motion to transfer venue. By failing to voice this complaint in the trial court, Haase forfeited this complaint and preserved nothing for appellate review. *See Levy*, 2013 WL 6237273, at *4. Accordingly, we overrule Haase's fifth issue.

## CONCLUSION

We sustain Haase's second issue in which he challenges the trial court's granting of summary judgment as to Haase's claims against Sorrels based on alleged conduct that purportedly caused Haase to be sanctioned in the Underlying Suit. Accordingly we reverse the trial court's summary judgment as to these claims against Sorrels, and we remand these claims to the trial court for further proceedings. We overrule Haase's remaining issues and we affirm the trial court's summary-judgment as to the remainder of Haase's claims.


/s/     Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Wise (Boyce, J., concurring).

17