134 Nev., Advance Opinion 106

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BRANCH BANKING & TRUST COMPANY, A NORTH CAROLINA CORPORATION, Appellant, vs. DOUGLAS D. GERRARD, ESQ., INDIVIDUALLY; AND GERRARD & COX, A NEVADA PROFESSIONAL CORPORATION, D/B/A GERRARD COX & LARSEN, Respondents. | No. 73848 |



FILED

DEC 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a legal malpractice complaint. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

*Affirmed.*

Albright Stoddard Warnick & Albright and D. Chris Albright and G. Mark Albright, Las Vegas,
for Appellant.

Gordon & Rees Scully Mansukhani, LLP, and Robert S. Larsen, Craig J. Mariam, and Wing Yan Wong, Las Vegas,
for Respondents.

BEFORE PICKERING, GIBBONS and HARDESTY, JJ.

18-910522

*OPINION*

By the Court, PICKERING, J.:

This is an appeal from an order dismissing a litigation malpractice suit as time-barred. Nevada follows the rule that a litigation malpractice claim does not accrue, and the two-year statute of limitations in NRS 11.207(1) does not start to run, until the client's damages are no longer contingent on the outcome of an appeal. This case asks us to determine how this rule applies when, without seeking a stay of remittitur from this court, the client unsuccessfully petitions for a writ of certiorari from the United States Supreme Court. We hold that a litigation malpractice claim accrues upon the issuance of remittitur from this court and that, unless the remittitur is stayed, the filing of an unsuccessful petition for a writ of certiorari does not extend the statute of limitations. Because appellant filed its malpractice action more than two years after we issued the remittitur in the case involving the alleged malpractice, we affirm the district court's order dismissing this suit as time-barred.

I.

Appellant Branch Banking & Trust hired respondents Gerrard & Cox, d/b/a Gerrard Cox & Larsen and attorney Douglas Gerrard (collectively, Gerrard) to represent it in a lawsuit contesting the priority of deeds of trust on a piece of property. The district court entered judgment against Branch Banking, and a three-justice panel of this court affirmed. *R&S St. Rose Lenders, LLC v. Branch Banking & Tr. Co.*, Docket No. 56640 (Order of Affirmance, May 31, 2013). There followed timely petitions for rehearing, NRAP 40, and for en banc reconsideration, NRAP 40A, both of which were denied. *R&S St. Rose Lenders*, Docket No. 56640 (Order Denying Rehearing, Sept. 26, 2013; Order Denying En Banc




Reconsideration, Feb. 21, 2014). This court issued its remittitur and closed the appeal on March 18, 2014. Branch Banking then filed a timely petition for a writ of certiorari with the United States Supreme Court, which the Supreme Court denied on October 6, 2014.

On October 5, 2016, Branch Banking filed the complaint underlying the current appeal against Gerrard, alleging legal malpractice in the property case. Gerrard moved to dismiss on the grounds the statute of limitations had expired. The district court agreed and entered an order dismissing the complaint for failure to state a claim upon which relief could be granted. Branch Banking appeals.

## II.

### A.

NRS 11.207(1) provides a two- or four-year statute of limitations for legal malpractice claims, running from the date the client discovers or should have discovered the claim (two years) or the date the client suffered damage (four years), whichever expires earlier. Our case law engrafts a "litigation malpractice tolling rule" onto NRS 11.207(1)'s two-year "discovery" rule. *See Brady, Vorwerck, Ryder & Caspino v. New Albertson's, Inc.*, 130 Nev. 632, 642, 333 P.3d 229, 235 (2014). As its name suggests, the litigation malpractice tolling rule applies to malpractice committed by a lawyer while representing a client in a lawsuit. *See Moon v. McDonald, Carano & Wilson LLP*, 129 Nev. 547, 552, 306 P.3d 406, 410 (2013) (holding that the litigation malpractice tolling rule does not apply to non-adversarial or transactional representation).

The litigation malpractice tolling rule holds that, in cases involving litigation malpractice, "the damages for a malpractice claim do not accrue until the underlying litigation is complete and, thus, a malpractice claim does not accrue and its statute of limitations does not

begin to run during a pending appeal of an adverse ruling from the underlying litigation." *Brady, Vorwerck, Ryder & Caspino*, 130 Nev. at 638, 333 P.3d at 232. In effect, two events must occur before the two-year statute of limitations in NRS 11.207(1) starts to run on a litigation malpractice claim: first, the client must discover the malpractice; second, even after the malpractice is discovered, the period is tolled until the client suffers actual "damages," which Nevada law holds does not occur until the appeal, if any, from the adverse judgment is resolved. *See Hewitt v. Allen*, 118 Nev. 216, 221, 43 P.3d 345, 348 (2002) (holding that a client whose litigation counsel commits malpractice need not pursue a futile appeal to sue for malpractice but if the client does appeal "the malpractice [claim] does not accrue while an appeal from the adverse ruling is pending").

The parties agree that Branch Banking "discovered" the malpractice in time for NRS 11.207(1)'s two-year limitations period to apply. They disagree on when the appeal in the property case was resolved such that, under the litigation malpractice tolling rule, Branch Banking's "damages" accrued and the two-year limitations period started to run. Branch Banking maintains that its legal malpractice claim did not accrue, thereby tolling the statute of limitations, until the Supreme Court denied its writ petition on October 6, 2014. And, because it filed its legal malpractice complaint within two years of the Supreme Court's denial of the petition, on October 5, 2016, Branch Banking insists its complaint was timely. Gerrard counters that the statute of limitations began to run at the latest on March 18, 2014, when this court issued its remittitur in the property case, and that since more than two years elapsed from that date

before Branch Banking filed its malpractice complaint, the district court correctly dismissed the complaint as time-barred.[1]

The facts are uncontested, so de novo review applies. *See Holcomb Condo. Homeowners' Ass'n v. Stewart Venture, LLC*, 129 Nev. 181, 186-87, 300 P.3d 124, 128 (2013) (reviewing the dismissal of a claim on statute of limitations grounds de novo when there were no facts in dispute). For the reasons expressed below, we hold that, upon issuance of the remittitur, the statute of limitations begins to run. Without a stay of the remittitur, the filing of a petition for discretionary review by the Supreme Court does not extend the tolling period afforded by the litigation malpractice tolling rule.

## B.

In Nevada, an appeal concludes and appellate jurisdiction ends upon issuance of the remittitur from this court to the district court. *See* NRAP 41(a); *Dickerson v. State*, 114 Nev. 1084, 1087, 967 P.2d 1132, 1134 (1998) ("The purpose of a remittitur, aside from returning the record on appeal to the district court, is twofold: it divests this court of jurisdiction over the appeal and returns jurisdiction to the district court, and it formally informs the district court of this court's final resolution of the appeal."). A party seeking review of a Nevada appellate judgment by way of a petition for certiorari to the United States Supreme Court has 90 days to do so. *See* 28 U.S.C. § 2101(c) (1994). Under Rule 41(b)(3) of the Nevada Rules of Appellate Procedure, a "party may file a motion to stay the remittitur

---

[1]The district court mistakenly stated that the remittitur issued and the statute of limitations began to run on May 31, 2013. The date this court issued its remittitur was March 18, 2014. The mistake does not affect the analysis, since both dates occurred more than two years before Branch Banking filed its malpractice complaint.

pending application to the Supreme Court of the United States for a writ of certiorari." Such "stay shall not exceed 120 days, unless the period is extended" by order or "notice from the clerk of the Supreme Court of the United States [is given] that the party who has obtained the stay has filed a petition for the writ in that court," in which event "the stay shall continue until final disposition by the Supreme Court." *Id.* But, absent a stay, the remittitur issues and jurisdiction returns to the district court 25 days after this court or the court of appeals enters its judgment. NRAP 41(a)(1); *Dickerson*, 114 Nev. at 1087, 967 P.2d at 1134.

Nevada's litigation malpractice tolling rule traces back to *Semenza v. Nevada Medical Liability Insurance Co.*, 104 Nev. 666, 765 P.2d 184 (1988). *Semenza* did not involve tolling; in *Semenza*, this court reversed and remanded a judgment awarding damages for litigation malpractice because the judgment giving rise to the malpractice claim had been later reversed on appeal. *Semenza* held that the malpractice suit had been filed prematurely and should have been held "in abeyance" or dismissed without prejudice pending resolution of the appeal from the adverse judgment. *Id.* at 668-69, 765 P.2d at 186. Going further, *Semenza* declaims that "this court will not countenance interlocutory-type actions for legal malpractice brought to trial while an appeal of the underlying case is still pending." *Id.* at 668, 765 P.2d at 186; *see also K.J.B., Inc. v. Drakulich*, 107 Nev. 367, 370, 811 P.2d 1305, 1306 (1991) (citing *Semenza* and holding that "the statute of limitations in NRS 11.207(1) does not commence to run against a cause of action for attorney malpractice until the conclusion of the underlying litigation wherein the malpractice allegedly occurred").

The Supreme Court denied Branch Banking's petition for certiorari in the property case. But Branch Banking urges that, had the

SUPREME COURT
OF
NEVADA

(O) 1947A

Supreme Court granted certiorari and reversed, its situation would be the same as the respondent's in *Semenza*. Citing *Semenza* and *K.J.B.*, Branch Banking presses us to extend the litigation malpractice tolling rule until the 90 days to petition for certiorari expires or, if a timely petition is filed, until the Supreme Court proceedings conclude. *Cf. Haase v. Abraham, Watkins, Nichols, Sorrels Agosto & Friend, LLP*, 499 S.W.3d 169, 175 (Tex. Ct. App. 2016) (holding that the malpractice statute of limitations was tolled until the Supreme Court denied certiorari). Had Branch Banking sought and obtained a stay of the remittitur under NRAP 41(b)(3) while it petitioned the Supreme Court for a writ of certiorari, we could agree. But, in asking us to extend the tolling period without a stay of the remittitur, Branch Banking seeks a bridge too far.

Statutes of limitation "embody important public policy considerations in that they stimulate activity, punish negligence, and promote repose by giving security and stability to human affairs"; they "tend to promote the peace and welfare of society, safeguard against fraud and oppression, and compel the settlement of claims within a reasonable period after their origin and while the evidence remains fresh in the memory of the witnesses." *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 19-20 (1990) (internal quotation marks omitted). Nevada is among a minority of jurisdictions that have a litigation malpractice tolling rule. *See* 3 Ronald E. Mallen, *Legal Malpractice* § 23:40 (2018) ("Although there is jurisdictional inconsistency, most courts have concluded that a cause of action for presently identifiable [legal malpractice] damages is not suspended or otherwise tolled pending an appeal or motion by the injured party."). The litigation tolling rule favors avoidance of unnecessary litigation but at the expense of delaying prompt resolution of claims. The

litigation malpractice tolling rule ranks an appellant's chances of success on direct appeal as sufficiently strong to justify the delay cost involved. A party's chances of persuading the United States Supreme Court to accept certiorari are considerably less.

To function properly, statutes of limitation demand bright-line rules. *Joel Erik Thompson, Ltd. v. Holder*, 965 P.2d 82, 85 (Ariz. Ct. App. 1998). Requiring a party to seek and obtain a stay of remittitur under NRAP 41(b)(3) to extend the already generous tolling period afforded by our litigation malpractice tolling rule while the party petitions for certiorari avoids the delay and uncertainty that would otherwise arise in every case while parties wait out the 90-day period provided by federal law for petitioning for certiorari, 28 U.S.C. § 2101(c), and is fair. *See Glick v. Ballentine Produce, Inc.*, 397 F.2d 590, 594 (8th Cir. 1968) (finding "no support for the contention that the filing of a petition for a writ of certiorari prevents the judgment of [the court of appeals] from becoming final until the Supreme Court acts upon the petition where no stay of mandate [remittitur] has been filed"); *Joel Erik Thompson*, 965 P.2d at 85 (holding that the issuance of the mandate, the equivalent to Nevada's remittitur, ends the tolling period provided by Arizona's litigation malpractice tolling rule); *Owens v. Hewell*, 474 S.E.2d 740, 742 (Ga. Ct. App. 1996) (holding that, without a stay of the mandate, the six-month period provided by Georgia's savings statute ran from the date the court of appeals decided the case, not the date the Supreme Court denied certiorari).

Tying the litigation malpractice tolling rule to the issuance of the remittitur not only avoids uncertainty and unnecessary delay, it also comports with other provisions of Nevada law. A defendant who appeals a judgment of conviction, for example, has one year after the Nevada

appellate court issues its remittitur to file a petition for a writ of habeas corpus. NRS 34.726. A civil litigant who appeals a judgment and obtains an order granting a new trial has three years from the date the remittitur is filed in the district court to bring the case to trial. NRCP 41(e). And a party who loses before the court of appeals has the right to petition this court for discretionary review which petition, if timely filed, automatically stays issuance of the remittitur until this court resolves the petition. NRAP 41(b)(2); *see also* NRAP 41(b)(1) (similarly providing for an automatic stay of the remittitur on timely filing of a petition for rehearing or for en banc reconsideration).

### III.

The issuance of the remittitur "provides a 'bright-line' event to count from; and in counting time, a bright-line rule serves all." *Joel Erik Thompson,* 965 P.2d at 85. Counting from the date the remittitur issued in the property case, more than two years elapsed before Branch Banking filed its malpractice complaint against Gerrard. The district court correctly dismissed the complaint under NRS 11.207(1). We therefore affirm.

_____, J.
Pickering

We concur:

_____, J.
Gibbons

_____, J.
Hardesty