135 Nev., Advance Opinion 20

IN THE SUPREME COURT OF THE STATE OF NEVADA

---

TAE-SI KIM, AN INDIVIDUAL; AND
JIN-SUNG HONG, AN INDIVIDUAL,
Appellants,
vs.
DICKINSON WRIGHT, PLLC, A
NEVADA PROFESSIONAL LIMITED
LIABILITY COMPANY; JODI
DONETTA LOWRY, ESQ., AN
INDIVIDUAL; JONATHAN M.A.
SALLS, ESQ., AN INDIVIDUAL; ERIC
DOBBERSTEIN, ESQ., AN
INDIVIDUAL; AND MICHAEL G.
VARTANIAN, ESQ., AN INDIVIDUAL;
Respondents.

No. 74803

FILED

JUN 13 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss in a legal malpractice action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

*Reversed and remanded.*

Brandon L. Phillips, Attorney at Law, PLLC, and Brandon L. Phillips, Las Vegas,
for Appellants.

Morris Law Group and Steve L. Morris and Ryan M. Lower, Las Vegas,
for Respondents.

BEFORE THE COURT EN BANC.[1]

*OPINION*

By the Court, SILVER, J.:

This case allows us to clarify the interplay between Nevada's litigation malpractice tolling rule and 28 U.S.C. § 1367(d) (2012), a federal tolling statute, on a legal malpractice claim. We first address the application of § 1367(d), which tolls the statute of limitations for a state-law claim joined with a federal claim under supplemental jurisdiction while the state-law claim is pending in federal court, *and* for at least 30 days after the state-law claim's dismissal from federal court. We clarify that § 1367(d) distinguishes between an "action" and a "claim," and thus, the state-law claim's dismissal is sufficient to end the federal tolling period. Finally, we reaffirm our prior holdings that the litigation malpractice tolling rule[2] does not apply to non-adversarial proceedings.

Because 28 U.S.C. § 1367(d) tolled claims brought by appellants Tae-Si Kim and Jin-Sung Hong (collectively, Kim) only until the claims were dismissed, we hold that the district court erred by finding that Kim's claims against Charles M. Damus, Esq., were tolled until the remaining claims in the federal action were also dismissed. Furthermore, because the litigation malpractice tolling rule does not apply to the claims against

---

[1]The Honorable Kristina Pickering, Justice, did not participate in the decision of this matter.

[2]While the parties refer to the tolling rule as the "litigation tolling rule," our caselaw consistently calls it the "litigation malpractice tolling rule." *See Branch Banking & Tr. Co. v. Gerrard*, 134 Nev., Adv. Op. 106, 432 P.3d 736, 738 (2018). Accordingly, we use the latter term throughout this opinion.

 

Damus, Kim's claims against Damus potentially became barred by the statute of limitations during respondents' representation of Kim. Since the litigation malpractice tolling rule does apply to the claims against respondents, we further hold that the district court erred by finding that Kim's claims against respondents were timed-barred by Nevada's statute of limitations for legal malpractice claims.

*FACTS AND PROCEDURAL HISTORY*

Kim hired Damus to handle a real property dispute in December 2008. Damus failed to file a complaint to protect Kim's interest in the property, and the property was foreclosed on. Kim fired Damus in September 2009. One month prior to firing Damus, Kim hired the law firm of Gibson Lowry Burris LLP (the Gibson firm) to also pursue claims related to the property dispute. Under the Gibson firm's representation, Kim filed a complaint regarding the property in Nevada's federal district court. Kim later amended the complaint on March 2, 2010, to include claims against Damus for legal malpractice, negligent undertaking to perform services, and unjust enrichment for his failure to file a complaint stopping the foreclosure of the property. During this time, respondent Dickinson Wright, PLLC, absorbed the Gibson firm. Damus filed a motion to dismiss the claims against him for lack of subject matter jurisdiction, which the federal court granted on December 6, 2010.

Kim entered into an amended and restated legal services agreement with Dickinson Wright, during which time Kim's federal action was still ongoing. More than three years later, Kim emailed a Dickinson Wright attorney asking whether the Gibson firm had previously filed Kim's malpractice claims against Damus in state court. The attorney responded that the Gibson firm had not filed a state action against Damus, that

Dickinson Wright would not do so because it was terminating its representation of Kim, and that Kim should contact other counsel if they wished to pursue such claims. The federal district court dismissed the remaining federal claims with prejudice on September 4, 2015.

Kim filed a malpractice complaint in state court against Dickinson Wright on June 12, 2017. Kim argued that Dickinson Wright failed to sue Damus in state court and thereafter allowed the statute of limitations on those claims to run. Kim argued that 28 U.S.C. § 1367(d) only tolled the claims against Damus until the federal court dismissed the claims and, therefore, the statute ran during the firm's representation. Kim also argued that Nevada's litigation malpractice tolling rule did not apply to the claims against Damus, such that those claims are now barred, but it did apply to toll the claim against Dickinson Wright during the federal litigation, and therefore, the claim against Dickinson Wright was not time-barred. Conversely, Dickinson Wright argued that § 1367(d) and Nevada's litigation malpractice tolling rule tolled Kim's claims against Damus until the federal action ended and, therefore, Kim had plenty of time to sue the attorney but let the statute of limitations run. Further, Dickinson Wright argued that Kim's malpractice claim against it was time-barred.

The district court granted the motion to dismiss, finding that (1) 28 U.S.C § 1367(d) tolled the statute of limitations on any state action against Damus until September 4, 2015, when the federal action was dismissed, so Kim could have brought suit then as advised by Dickinson

Wright;[3] (2) under Nevada's litigation malpractice tolling rule, Kim's legal malpractice claim against Damus did not accrue until the end of the federal action when damages were certain; and (3) Kim's claim against Dickinson Wright was time-barred under NRS 11.207.[4] Kim appealed.

## DISCUSSION

We rigorously review an order granting an NRCP 12(b)(5) motion to dismiss, recognizing all factual allegations in the complaint as true and drawing all inferences in the plaintiffs' favor, and reviewing all legal conclusions de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). "A complaint should only be dismissed for failure to state a claim if it appears beyond a doubt that it could prove no set of facts, which, if true, would entitle it to relief."

---

[3]The district court found that Dickinson Wright informed Kim of the tolling statute in the July 2015 email, which Kim does not dispute on appeal.

[4]The district court also found that Dickinson Wright's exercise of professional judgment was not actionable. We decline to address that finding on appeal—except to note that Nevada does not currently recognize the attorney judgment rule—as Kim did not oppose this argument in their opposition to Dickinson Wright's motion to dismiss and because they do not cogently argue it on appeal. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that this court need not consider arguments not adequately briefed, supported by relevant authority, or cogently argued); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). Additionally, the district court also denied reconsideration in this case; however, because we reverse and remand, we need not reach this issue here.

*Szymborski v. Spring Mountain Treatment Ctr.*, 133 Nev. 638, 641, 403 P.3d 1280, 1283 (2017) (internal quotation marks omitted).

## I.

Kim first argues that 28 U.S.C. § 1367(d) does not apply to the claims against Damus, and thus, the statute of limitations ran on those claims during Dickinson Wright's representation.[5] Conversely, Dickinson Wright argues that § 1367(d) "stop[s] the clock," *Artis v. District of Columbia*, 583 U.S. ___, ___, 138 S. Ct. 594, 598 (2018), on a state-law claim's statute of limitations once it is filed in federal court, and that the clock does not begin to run until the entire federal action is dismissed, even if the state-law claim is dismissed earlier in the litigation.

We review statutory construction issues de novo. *I. Cox Constr. Co., LLC v. CH2 Invs., LLC*, 129 Nev. 139, 142, 296 P.3d 1202, 1203 (2013). In doing so, we will apply a statute's plain language "and construe the statute according to its fair meaning." *Id.*

28 U.S.C. § 1367(d) states the following:

> The period of limitations for any claim asserted under [supplemental jurisdiction], and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under [supplemental jurisdiction], shall be tolled while the claim is pending and for a period of 30 days after it is

---

[5]While Kim focuses on the litigation malpractice tolling rule in the opening brief and does not address the federal statute until the reply brief, we analyze this issue "in the interests of justice," *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011), and in consideration of our policy of resolving cases on the merits whenever possible, *Huckabay Props., Inc. v. NC Auto Parts, LLC*, 130 Nev. 196, 203, 322 P.3d 429, 433 (2014) (explaining that this court prefers to decide cases on the merits).

dismissed unless State law provides for a longer tolling period.

The statute's plain language distinguishes between the word "claim" and "action" in the phrase "any other claim in the same action." 28 U.S.C. § 1367(d). Thus, § 1367(d)'s language makes clear that it does not toll the relevant statute of limitations while the *action* is pending, but instead only tolls the relevant statute of limitations "while the [state-law] *claim* is pending." *Id.* (emphasis added). A federal court's dismissal of a state-law claim, rather than dismissal of an entire action, therefore, triggers the running of the relevant statute of limitations. *See* 2A Norman J. Singer & Shambie Singer, *Statutes and Statutory Construction* § 46:1 (7th ed. 2014) (providing that courts consider a statute's "natural and ordinary signification and if there is no ambiguity or obscurity in its language, there will usually be no need to look elsewhere to ascertain intent" (internal quotation marks omitted)).

Further, the United States Supreme Court has explained that § 1367(d) tolls the statute of limitations period while a supplemental *claim* is pending in federal court, *see Jinks v. Richland Cty., S.C.*, 538 U.S. 456, 459 (2003), and in another case that "it suspends the statute of limitations [both] while the *claim* is pending in federal court and for 30 days postdismissal," *Artis*, 583 U.S. at ___, 138 S. Ct. at 603 (emphasis added). Neither case provides that the statute of limitations on a dismissed state-law claim is tolled while the entire *action* is pending. Therefore, we conclude that, pursuant to § 1367(d), the statute of limitations for a state-law claim filed in federal court stops running only while the claim is pending in federal court and for 30 days after the state-law claim's dismissal.

SUPREME COURT
OF
NEVADA

(O) 1947A

Kim fired Damus in September 2009 and then filed the claims in federal court against Damus under supplemental jurisdiction on March 2, 2010, and the federal court dismissed these claims on December 6, 2010. Pursuant to 28 U.S.C. § 1367(d), the statute of limitations for Kim's claims against Damus was tolled only from March 2, 2010, until December 6, 2010, plus 30 days. Thereafter, the statute of limitations began running again. Accordingly, the district court erred by finding that the relevant statute of limitations was tolled until September 4, 2015, the date the federal court dismissed the remainder of Kim's federal action.

## II.

Next, Kim argues that the district court erred by finding that the litigation malpractice tolling rule applied to the claims against Damus because there was no underlying suit on which to base the tolling. Kim further argues that the rule applies to the claim against Dickinson Wright, and therefore, the district court erred in concluding that the claim was time-barred. Conversely, Dickinson Wright argues that, under *Brady, Vorwerck, Ryder & Caspino v. New Albertson's, Inc.*, 130 Nev. 632, 333 P.3d 229 (2014), and *Semenza v. Nevada Medical Liability Insurance Co.*, 104 Nev. 666, 765 P.2d 184 (1988), Kim's malpractice claim against Damus could not be filed until damages were certain, which would occur when the federal action ended. Furthermore, Dickinson Wright argues that Kim's legal malpractice claim against it is time-barred under NRS 11.207(1).

NRS 11.207(1) provides the limitations period for legal malpractice claims:

> An action against an attorney . . . to recover damages for malpractice, whether based on a breach of duty or contract, must be commenced within 4 years after the plaintiff sustains damage or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action, whichever occurs earlier.

Nevada has adopted a special tolling rule, however, for when the malpractice is alleged to have occurred during an attorney's representation of a client in active litigation, aptly named the litigation malpractice tolling rule. *Branch Banking*, 134 Nev., Adv. Op. 106, 432 P.3d at 738 ("As its name suggests, the litigation malpractice tolling rule applies to malpractice committed by a lawyer while representing a client in a lawsuit."). Thus, the tolling rule does not apply to non-adversarial or transactional representation, and it does not apply before the attorney files a complaint. *See Moon v. McDonald, Carano & Wilson LLP*, 129 Nev. 547, 552, 306 P.3d 406, 409-10 (2013). Instead, the litigation malpractice tolling rule applies to the two-year discovery rule, serving to toll a malpractice claim's statute of limitations until the underlying litigation is resolved and damages are certain. *Branch Banking*, 134 Nev., Adv. Op. 106, 432 P.3d at 738-40 (discussing that the rule's purpose is to ensure that plaintiffs do not prematurely file malpractice claims because, if a party appeals from the final order of a case wherein the malpractice was alleged to occur, any resulting damages may be reduced or resolved by the appellate court's decision); *Brady*, 130 Nev. at 642, 333 P.3d at 235 ("When the litigation in which the malpractice occurred continues to progress, the material facts that pertain to the damages still evolve as the acts of the offending attorney may increase, decrease, or eliminate the damages that the malpractice caused.").

Here, Kim fired Damus before they filed a complaint, and so Damus did not represent Kim in an adversarial proceeding. Therefore, the litigation malpractice tolling rule does not apply to Kim's claims against Damus, and the district court erred in that conclusion. Because the district court's dismissal order was based in part on this erroneous conclusion, we must reverse and remand this case to the district court for it to determine whether Kim's malpractice claims against Dickinson Wright are still subject to dismissal in light of the fact that Kim's claims against Damus possibly became time-barred under NRS 11.207(1) while Dickinson Wright was representing Kim, unless the claim against Dickinson Wright itself is time-barred.

The litigation malpractice tolling rule *does* apply to Kim's claim against Dickinson Wright. The firm represented Kim in an adversarial proceeding—the federal action—and allegedly committed legal malpractice during those proceedings by failing to file in state court legal malpractice claims against Damus before the statute of limitations expired.[6] Regardless of when Kim discovered the alleged malpractice, the malpractice claim was tolled until the end of those federal proceedings, pursuant to the litigation malpractice tolling rule. *See Branch Banking*, 134 Nev., Adv. Op. 106, 432 P.3d at 738. Unlike the federal statute, which distinguishes between claims and actions, the Nevada litigation malpractice tolling rule does not. The federal action ended, and the statute of limitations began running, on September 4, 2015, and, at the earliest, the statute of limitations would have run two years later in September 2017. Kim filed the state claim against Dickinson Wright on June 12, 2017, within either the two-year or

---

[6]Dickinson Wright does not dispute that Kim had valid claims for legal malpractice against Damus.

four-year statutory period for legal malpractice claims. Therefore, we conclude that Kim's district court case was not time-barred, and the district court erred in dismissing the case on that basis.

*CONCLUSION*

28 U.S.C. § 1367(d) tolls the statute of limitations for a state-law claim filed in federal court under supplemental jurisdiction while the state-law *claim* is pending in federal court and for at least 30 days after the state-law claim's *dismissal*, regardless of the continuation or dismissal of other claims in that action. Thus, the federal court's dismissal of Kim's state-law claims against Damus is what triggered the relevant statute of limitations to continue running, and the district court's conclusion that the statute of limitations did not continue running until the entire federal action was dismissed was erroneous. Furthermore, the district court erred in concluding that the litigation malpractice tolling rule applied to Kim's claims against Damus—Damus never represented Kim in an adversarial proceeding, and the tolling rule therefore does not apply. Based on these conclusions, the statute of limitations for Kim's claims against Damus may have lapsed during Dickinson Wright's representation of Kim, supporting Kim's malpractice claim against Dickinson Wright. Finally, we hold that Nevada's litigation malpractice tolling rule applies to Kim's malpractice claim against Dickinson Wright and, therefore, the district court erred in

concluding that Kim's claim was time-barred by NRS 11.207(1). Accordingly, we reverse the district court's order of dismissal and remand for further proceedings on Kim's claim consistent with this opinion.

_____, J.
Silver

We concur:

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish