**NOT FOR PUBLICATION**



**FILED**

AUG 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN JOSEPH; et al., | No. 19-15110 |
| Plaintiffs-Appellants, | D.C. No. 2:18-cv-00448-JCM-NJK |
| v. | |
| BERKELEY GROUP, LLC, DBA NV Jets, | MEMORANDUM[*] |
| Defendant-Appellee. | |

| | |
|---|---|
| RYAN JOSEPH; et al., | No. 19-15146 |
| Plaintiffs-Appellees, | D.C. No. 2:18-cv-00448-JCM-NJK |
| v. | |
| BERKELEY GROUP, LLC, DBA NV Jets, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 5, 2020[]
Seattle, Washington

Before:  TASHIMA, W. FLETCHER, and RAWLINSON, Circuit Judges.

Three pilots formerly employed by The Berkeley Group, LLC, dba NV Jets, allege in causes of action one and two that defendant NV Jets constructively and wrongfully terminated their employment by retaliating against them for complaints about aviation safety violations; in cause of action three that NV Jets failed to provide meal and rest breaks as required by Nevada law and failed to comply with the federal Fair Labor Standards Act ("FLSA"); and in cause of action four that NV Jets intentionally inflicted emotional distress by subjecting them to verbal abuse.  NV Jets removed the pilots' suit, initially filed in state court, to federal district court.

The district court held that causes of action one and two were preempted by federal law.  It held that the state-law meal and rest break claim was not preempted.  It dismissed the FLSA claim on the merits.  The parties agree that the FLSA claim was properly dismissed.  The FLSA claim was the basis for federal subject matter jurisdiction.  Under 28 U.S.C. § 1367(c), the district court declined to exercise supplemental jurisdiction over the surviving state-law claims for failure to provide

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

meal and rest breaks and for intentional infliction of emotional distress. It dismissed those claims without prejudice.

The pilots and NV Jets cross-appealed. We reverse in part, vacate in part, and remand.

1. We reverse the district court's holding that federal law preempts the pilots' state-law wrongful termination claims. Our reversal, however, does not extend to preemption with respect to the standard of care required by the federal aviation safety standards. State law cannot alter the federally required standard of care; to the extent that it might be read to do so, it is preempted.

We have held that the Federal Aviation Act of 1958, 49 U.S.C. §§ 40103 *et seq.*, and the Federal Aviation Administration's regulations implementing that statute occupy the field of aviation safety standards. *Ventress v. Japan Airlines*, 747 F.3d 716, 721 (9th Cir. 2014) (citing *Montalvo v. Spirit Airlines*, 508 F.3d 464, 473–76 (9th Cir. 2007)). However, even where federal law pervasively regulates aviation safety, "the scope of field preemption extends only to the standard of care." *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1006 (9th Cir. 2013). The Act's savings clause allows state tort law to provide additional remedies where a plaintiff alleges a violation of the safety standards set by federal regulations. *Id.* at 1010; *see* 49 U.S.C. § 40120.

3

The pilots here alleged in their complaint that NV Jets retaliated against them for complaints about violations of specific federal regulations, including those governing minimum equipment list specifications, liferaft requirements, and flight time limitations. Because their wrongful termination claims rest on a violation of the aviation safety standards set by federal law and do not seek to impose a state-law standard, federal law does not preempt their claims. *See Ventress*, 747 F.3d at 722–23 & n.7; *Gilstrap*, 709 F.3d at 1006.

2. We reverse the district court's order to the extent it held that federal law does not preempt the pilots' state-law claims with respect to meal and rest breaks. Federal regulations applicable to NV Jets's operations provide detailed standards governing the duration of pilots' rest breaks between duty periods. *See* 14 C.F.R. § 135.267. Those standards preempt the pilots' claims that they were entitled under state law to breaks of different frequency and duration.

3. We vacate the district court's order to the extent it declined to exercise supplemental jurisdiction over the pilots' state-law claims. Vacating the order will allow the district court to determine in the first instance whether dismissal under 28 U.S.C. § 1367(c) is appropriate, considering the state-law claims that remain after our decision in this appeal. In making that determination, the district court may assess whether a remand to state court, rather than dismissal without prejudice,

4

"may best promote the values of economy, convenience, fairness, and comity," particularly if a statute of limitations would bar refiling of claims initially timely filed in state court. *Carnigie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351–53 (1988). The pilots have suggested to us that their claims may be time-barred in state court if dismissed by the federal court; we have some doubt about whether this is true, in light of the tolling provision of 28 U.S.C. § 1367(d). *See Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018); *cf. Kim v. Dickinson Wright, PLLC*, 442 P.3d 1070, 1075 (Nev. 2019) (en banc). However, we leave that question to be decided by the district court. We leave the proper disposition of the pilots' remaining state-law claims to the sound discretion of the district court.

Each party shall bear its own costs on appeal.

**REVERSED in part, VACATED in part, and REMANDED.**